■ ROBERT F. HAUER, Respondent, v ALPA PATEL, Appellant. [2 NYS3d 803]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Ecker, J.), dated April 23, 2014, as granted that branch of the plaintiff's motion which was for an award of counsel fees to the extent of awarding him the sum of $3,500.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for an award of counsel fees is denied.

The plaintiff and the defendant are husband and wife and have four children. The husband commenced the instant action for a divorce and ancillary relief after the parties had been

separated for more than three years. Shortly after the action was commenced, the husband moved to compel the wife to comply with the alleged status quo the parties had maintained during their separation regarding holiday visitation. The husband also sought counsel fees incurred with respect to the motion.

Contrary to the Supreme Court's determination, the husband did not move for an award of interim counsel fees pursuant to Domestic Relations Law § 237 (a), and thus, the Supreme Court erred in granting such an award. Further, counsel fees were not authorized in connection with the relief the husband requested in his motion (*cf.* Domestic Relations Law § 237 [b]). Accordingly, that branch of the husband's motion which was for an award of counsel fees incurred in connection with his motion should have been denied. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.